1 | HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
2 | kfranklin@hansonbridgett.com
JERRI KAY-PHILLIPS, SBN 314857
3 | jkay-phillips@hansonbridgett.com
425 Market Street, 26th Floor
4 | San Francisco, California 94105
Telephone:    (415) 777-3200
5 | Facsimile:    (415) 541-9366

6 | Attorneys for Defendant
RETAIL SERVICES & SYSTEMS, INC.
7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | RICHARD BELL, on behalf of himself and all others similarly situated,

12 | Plaintiff,

13 | v.

14 | RETAIL SERVICES & SYSTEMS, INC.,

15 | Defendant.

16

Case No.

(Alameda County Superior Court Case No. RG18900192)

**DEFENDANT RETAIL SERVICES & SYSTEMS, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a) TO FEDERAL COURT**

17

18 | TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19 | DISTRICT OF CALIFORNIA AND TO PLAINTIFF RICHARD BELL AND HIS ATTORNEYS

20 | OF RECORD:

21 | PLEASE TAKE NOTICE that Defendant RETAIL SERVICES & SYSTEMS, INC.

22 | ("Defendant"), by its undersigned attorneys, hereby removes to the United States District Court

23 | for the Northern District of California, the above-captioned matter of *RICHARD BELL v. RETAIL*

24 | *SERVICES & SYSTEMS, INC.* which is currently pending in the Superior Court of the State of

25 | California for the County of Alameda, Case No. RG18900192.  This Court has original

26 | jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, and may remove this action

27 | from the Superior Court of California, County of Alameda, where it was initiated.  As set forth

28 | below, removal is proper under two independent bases:  (1) federal question jurisdiction; and

1 | (2) federal jurisdiction pursuant to diversity of citizenship.

2 | # I. PROCEDURAL BACKGROUND

3 | 1. <u>State Court Action</u>: On April 10, 2018 Plaintiff filed a verified Class Action
4 | Complaint ("Complaint" or "State Court Action") in the Superior Court of California, County of
5 | Alameda, entitled *RICHARD BELL, on behalf of himself and all other similarly situated v.*
6 | *RETAIL SERVICES & SYSTEMS, INC.,* Case No. RG18900192. The Complaint included causes
7 | of action for violations of the Unruh Act Civil Rights Act, Cal. Civ. Code § 51, *et seq.* and the
8 | California Disabled Persons Act, Cal. Civ. Code § 54, *et seq.* Plaintiff further alleges that "a
9 | violation of the [Americans With Disabilities Act] ADA is a violation of the Unruh Act (Pltf's
10 | Compl. ¶ 41). A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

11 | 2. <u>State Court Documents</u>: Pursuant to 28 U.S.C. § 1446(a), Defendant has included
12 | with this Notice of Removal "a copy of all process, pleadings, and orders served upon such
13 | defendant...in such action." These documents are attached hereto and incorporated by reference:

14 |     a. Plaintiff's Class Action Complaint For: (1) Violations of the Unruh Act, California
15 |         Civil Code § 51, *et seq.* - Exhibit A;

16 |     b. Summons filed April 10, 2018 - Exhibit B;

17 |     c. Civil Case Cover Sheet and Civil Case Cover Sheet Addendum filed April 10,
18 |         2018 - Exhibit C;

19 |     d. Notice of Hearing dated April 10, 2018 and served by mail on April 11,
20 |         2018 - Exhibit D; and

21 |     e. Proof of Service of Summons filed on April 24, 2018 - Exhibit E.

22 | 3. <u>Service</u>: The first date on which Defendant received a copy of the Complaint was
23 | April 12, 2018, when it was served with a copy of the state court Complaint and Summons. A true
24 | and correct copy of the Summons personally served on Defendant on April 12, 2018, is attached
25 | hereto as Exhibit B.

26 | 4. <u>Timeliness of Removal</u>: Defendant was first served with Plaintiff's Complaint on
27 | April 12, 2018. This Notice of Removal is timely because Defendant filed it "within thirty days
28 | after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

14341388.1

1  motion, order or other paper from which it may first be ascertained that the case is one which is or

2  has become removable." 28 U.S.C. § 1446(b)(3).

3      5.   <u>Venue</u>:  Under 28 U.S.C. § 1441(a), venue of this removed action lies in the United

4  States District Court for the Northern District of California, in that the state court action was filed

5  and is pending in the Superior Court of the State of California in and for the County of Alameda,

6  which is in this judicial district.

7      6.   <u>Intradistrict Assignment</u>:  Assignment to the San Francisco or Oakland Division of

8  the United States District Court for the Northern District of California is proper under 28 U.S.C.

9  § 1441(a) and Civil Local Rule 3-2(c)-(d) because the state court action was filed and is pending

10  in the County of Alameda.

11      7.   <u>Filing With State Court and Service On Plaintiff</u>:  Written Notice and Proof of

12  Service of the filing of this Notice of Removal by Defendant will be served upon all parties as

13  required by law.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the

14  Court for the Superior Court of the County of Alameda.

15  **II.  NATURE OF THE SUIT**

16      8.   <u>Federal Question Jurisdiction</u>:  This action is a civil action for which this court has

17  original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to

18  28 U.S.C. § 1441(a) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiff has

19  filed a civil rights action, and his claims are founded on a claim or right arising under the laws of

20  the United States.

21      More specifically, it appears from the Complaint that this is a civil rights action alleging

22  discrimination claims based on violations of the Americans with Disabilities Act, 42 U.S.C.

23  § 12182 *et seq*. (See Pltf's Compl. ¶¶ 24, 31, 33-36, 42, 56; Relief ¶ C).

24      9.   <u>Diversity of Citizenship Jurisdiction</u>:  This action is a civil action of which this

25  Court has original jurisdiction under 28 U.S.C. § 1332(c) and is one that may be removed to this

26  Court from the Superior Court of the State of California, County of Alameda, where the action

27  was initiated.  This action may be removed by Defendant pursuant to the provisions of 28 U.S.C.

28  §§ 1441(a) and 1446(a) because it is a civil action between citizens of different states and the

14341388.1

1 │ matter in controversy as alleged by Plaintiff exceeds the sum of $75,000, exclusive of interest and

2 │ costs.  Federal district courts have original jurisdiction over all civil actions where the matter in

3 │ controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

4 │ citizens of different states.  28 U.S.C. § 1332(a).

5 │      10.    Citizenship:  Defendant is informed and believes that Plaintiff is a citizen of the

6 │ state of California.  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen

7 │ of every State and foreign state by which it has been incorporated and of the State or foreign state

8 │ where it has its principal place of business."  Here, Defendant is a citizen of the state of

9 │ Pennsylvania by virtue of being organized under the laws of that state.  Under the "nerve center"

10 │ test, Defendant is also a citizen of the state of Maryland because its corporate headquarters, where

11 │ "the corporation's high level officers direct, control, and coordinate the corporation's activities" is

12 │ located in North Bethesda, Maryland.  See *Hertz Corp. v. Friend*, 559 U.S. 77, 80-83 (2010)

13 │ (holding that the "nerve center" test is the only appropriate test for determining the location of a

14 │ principal place of business).  As such, complete diversity exists between the parties pursuant to 28

15 │ U.S.C. § 1332.

16 │      11.    Amount in Controversy:  The amount in controversy requirement of 28 U.S.C.

17 │ § 1332 is met in this case.  Under recent United States Supreme Court guidance, a defendant's

18 │ removal need include only a plausible allegation that the amount in controversy exceeds the

19 │ jurisdictional threshold; the notice need not contain evidentiary submissions.  *Dart Cherokee*

20 │ *Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  Additionally, courts may

21 │ consider whether it is facially apparent from the Complaint that the jurisdictional amount is in

22 │ controversy.  See *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997);

23 │ *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

24 │ Defendant alleges that the amount in controversy exceeds the jurisdictional threshold, as explained

25 │ below.

26 │      12.    Requested Damages:  The Complaint alleges violations of the Unruh Civil Rights

27 │ Act (Pltf's Compl. ¶ 40).  Section 52 of the Unruh Civil Rights Act provides a damage remedy for

28 │ violations of Section 51 in part as follows:  "Whoever denies, aids or incites a denial, or makes

1  any discrimination or distinction contrary to Section 51 ... is liable for each and every offense for

2  the actual damages, and any amount that may be determined by a jury or a court sitting without a

3  jury ... up to a maximum of three times the amount of actual damages but in no case less than four

4  thousand dollars ...." *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1170 (S.D. Cal. 2006).

5  Using the $4,000 statutory minimum and assuming, conservatively, that Plaintiff is seeking to

6  recover statutory damages based on 15 alleged visits/deterred visits to Defendant's stores (see

7  Pltf's Compl. ¶ 31), then Plaintiff appears to seek to recover $60,000.00 (15 visits/deterred visits x

8  $4,000 in statutory damages for a total of $60,000.00) for himself only, notwithstanding statutory

9  damages Plaintiff may later attempt to seek for other alleged putative class members.

10      The Complaint also alleges violations of The California Disabled Persons Act ("DPA")

11  (Pltf's Compl. ¶ 51).  Under the remedial provisions of the DPA, "disabled persons asserting a

12  violation may obtain an award of damages–albeit, with a $1,000 minimum limit, lower than that

13  set forth in the Unruh Civil Rights Act–and an attorney fee award." *Flowers v. Prasad*, 238 Cal.

14  App. 4th 930, 939 (2015).  The DPA also authorizes injunctive relief "to correct violations of DPA

15  standards." *Id.* at 940.  Although Civil Code section 54.3(c) bars simultaneous recovery of

16  damages under the Unruh Civil Rights Act and the DPA, the amount Plaintiff seeks appears to

17  satisfy the amount-in-controversy threshold by factoring in the statutory damages under the DPA,

18  times multiple stores, plus Plaintiff's attorneys' fees for himself and the alleged putative class.

19      Plaintiff also seeks to recover his attorneys' fees and costs under the Unruh Civil Rights

20  Act.  Attorneys' fees are properly considered in the analysis of the amount in controversy.  See

21  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are

22  to be included in amount in controversy, regardless of whether award is discretionary or

23  mandatory).  Prosecuting an individual Unruh Act claim can lead to a recovery of more than

24  $75,000 in attorneys' fees. See *Engel v. Worthington*, 60 Cal. App. 4th 628, 635-36 (1997)

25  (finding $80,875 in attorneys' fees for recovering $250 in Unruh damages to be reasonable).

26  Further, because Plaintiff's Complaint is filed on behalf of himself and a class of "mobility

27  impaired/wheelchair bound persons" which Plaintiff believes "can consist of thousands of

28  members" (Pltf's Compl. ¶¶ 21-22), it is reasonable to infer that Plaintiff intends to allege recovery

-5-

14341388.1

1 || of more than $75,000 in attorneys' fees.

2       Thus, the $75,000 amount-in-controversy threshold is met in this case when combining

3 || possible statutory damages under the Unruh Civil Rights Act and "attorneys' fees and costs

4 || (including expert fees) and other expenses of the suit" (Pltf's Prayer, ¶ H) for Plaintiff and alleged

5 || putative class members.

6       WHEREFORE, Defendant RETAIL SERVICES & SYSTEMS, INC. prays that this Notice

7 || of Removal may be accepted as good and sufficient, and that the action may be removed from the

8 || Superior Court of the State of California for the County of Alameda, as provided by 28 U.S.C.

9 || § 1441, and thereupon to proceed with said civil action as though originally commenced in this

10 || Court and for all orders and decrees as may be necessary and appropriate in such cases made and

11 || provided.

12

13 || DATED:  May 14, 2018                                    HANSON BRIDGETT LLP

14

15                                                          By:   _/s/ Jerri Kay-Phillips_

16                                                                KURT A. FRANKLIN
                                                                 JERRI KAY-PHILLIPS
17                                                               Attorneys for Defendant
                                                                 RETAIL SERVICES & SYSTEMS, INC.
18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RETAIL SERVICES & SYSTEMS, INC.'S
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a) TO FEDERAL COURT

14341388.1

# EXHIBIT A

20901382

1  Evan J. Smith, Esquire (SBN 242352)
   BRODSKY & SMITH, LLC
2  9595 Wilshire Blvd., Ste. 900
   Beverly Hills, CA 90212
3  Telephone: (877) 534-2590
   Facsimile: (310) 247-0160
4
   *Attorneys for Plaintiff*
5

**FILED**
**ALAMEDA COUNTY**

APR 1 0 2018

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF ~~LOS ANGELES~~ Alameda

9

10  RICHARD BELL, on behalf of himself      Case No.:  R G 1 8 9 0 0 1 9 2
    and all others similarly situated,
11                                          CLASS ACTION COMPLAINT FOR:
                  Plaintiff,
12                                          (1)  VIOLATIONS OF THE UNRUH ACT,
          vs.                                    CALIFORNIA CIVIL CODE § 51, *et seq.*
13
    RETAIL SERVICES & SYSTEMS, INC.,        (2)  VIOLATIONS OF THE CDPA,
14                                               CALIFORNIA CIVIL CODE § 54.1, *et*
                  Defendant.                     *seq.*
15
                                            **JURY TRIAL DEMANDED**
16                                                                      BY FAX

17      Plaintiff Richard Bell ("Plaintiff"), by and through his attorneys, alleges the following

18  based upon personal knowledge as to his own acts, and upon information and belief and his

19  attorneys' investigation as to all other facts.

20      1.      Plaintiff, on behalf of himself and on behalf of a Class of mobility

21  impaired/wheelchair bound persons, alleges that defendant Retail Services & Systems, Inc.

22  ("Total Wine & More" or "Defendant"), is in violation of California's anti-discrimination state

23  statutes, the Unruh Civil Rights Act, California Code § 51 *et seq.* ("Unruh Act"), and the

24  California Disabled Persons Act, California Civil Code § 54 *et seq.* ("CDPA").

25      2.      Plaintiff seeks statutory damages and reasonable attorneys' fees and costs on

26  behalf of himself, and injunctive relief on behalf of the putative Class who has patronized or

27  would like to patronize the stores identified below.

28

- 1 -
CLASS ACTION COMPLAINT

## STATUTORY BACKGROUND

3.    Both the CDPA, which was enacted in 1968, and the Unruh Act, which was amended in 1987 to cover persons with disabilities, prohibit discrimination on the basis of disability and require full and equal access to services, facilities and advantages of public accommodations.

4.    All buildings constructed or altered after July 1, 1970, must comply with standards governing the physical accessibility of public accommodations.

5.    From December 31, 1981 until the present, the standards have been set forth in Title 24 of the California regulatory code (the "California Standards"). In addition to setting forth design and construction standards, the California Standards require public accommodations to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities. California Standards, § 1101B.3.

6.    A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act. A violation of 42 U.S.C. § 12181, *et seq.,* of the Americans with Disabilities Act ("ADA"), also constitutes a violation of both statutes. Cal. Civ. Code, §§ 51(f) and 54 (c). A prevailing plaintiff is entitled to, among other relief, statutory minimum damages regardless of whether the plaintiff has suffered any actual damages. Cal. Civ. Code, § 54.3.

7.    The Unruh Act, Cal. Code, § 51, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever."

8.    In 1992, the Unruh Act was amended to provide that "violation of the right of any individual under the Americans with Disabilities Act of 1990... shall also constitute a violation of this section. Cal. Civ. Code, § 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F. Supp. 2d 1134, 1135 (N.D. Cal.1998).

9.    Despite an extended period of time in which to become compliant, and despite the extensive publicity the CDPA and Unruh Act have received over the years, Defendant continues to discriminate against people who are disabled, in ways that block them from equal access to and use of its stores.

**PARTIES AND STANDING**

10.     Plaintiff is a citizen of California, is domiciled in Los Angeles, CA and qualifies as an individual with disabilities.  Bell is a C5/6 quadriplegic and requires a wheelchair to move about.  Plaintiff has visited and patronized Total Wine & More stores within the State of California, and has experienced discrimination at such stores as more fully set forth below.  Plaintiff is being deterred from patronizing Total Wine & More but intends to return to these stores for the dual purpose of availing himself of the goods and services offered to the public at such stores, and to ensure that those stores cease evading their responsibilities under state law.

11.     Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the laws of the State of California.  Plaintiff has suffered direct and indirect injury as a result of Defendant's actions and/or omissions as described herein.

12.     Plaintiff has reasonable grounds to believe that Defendant will continue to subject him and other disabled individuals to discrimination in violation of the laws of the State of California given that the Defendant has failed to bring existing stores into compliance for over twenty (20) years and has allowed new stores to be constructed that are similarly out of compliance.

13.     Defendant Total Wine & More, at all relevant times to this litigation acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees.  Total Wine & More is a Pennsylvania corporation with registered agent for service of process located at 103 Yost Blvd., Ste. 101, Pittsburgh, PA 15221.

14.     Upon information and belief, Defendant operates fifteen (15) stores in the State of California.  Defendant's stores that are located in the State of California are required to comply with California state law and be fully accessible to the mobility impaired.

**JURISDICTION AND VENUE**

15.     This Court has original jurisdiction of the Unruh Act and CDPA claims pursuant to Cal. Civ. Code §§ 51 and 54.

16.     Venue lies in this district as Defendant is found and/or does substantial business here, and a part of the property that is the subject of the action is so situated.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

17. Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

18. Class actions are especially valuable in a context such as this one, in which individual damages are modest. It is well settled that Plaintiff need not prove the merits of his action at the class certification stage.

19. Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Markets, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

20. In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

21. The Class consists of all mobility impaired/wheelchair-bound persons located in the State of California who have patronized the Total Wine & More stores identified herein, who have been, or who were, prior to the filing of the Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages and/or accommodations of any of the Total Wine & More stores identified herein (the Class).

22.    The Class is believed to consist of thousands of members.  Upon information and belief, census statistics demonstrate that there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs.  The members of the Class are so numerous that joinder of all members is impracticable.

23.    Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)    Whether Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(b)    Whether Defendant's stores have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

(c)    Whether Defendant has failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(d)    Whether Defendant has failed to remove architectural and communication barriers in existing stores, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(e)    Whether violations of the ADA also constitute per se violations of California's anti-discrimination statutes Cal. Civ. Code §§ 51, and 54 *et. seq.*;

(f)    Whether Defendant has violated and/or continues to violate California's anti-discrimination state statutes identified above by denying equal access to disabled persons at places of public accommodation;

(g)    Whether California's state anti-discrimination statues identified above provide for a private right of action;

(h)    Whether California's state anti-discrimination statues identified above provide for injunctive relief;

(j)    Whether to recover under the Unruh Act a plaintiff must plead and prove intentional discrimination;

(k)    Whether a plaintiff must prove intentional conduct to recover under the CDPA; and

(l)    Whether injunctive relief is available as a cumulative remedy for violations of California's disability access laws regardless of if a plaintiff elects to recover under the Unruh Act or CDPA.

24.    Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of the Defendant's conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claim that Defendant has violated California state law by violating the ADA and Title 24 by failing to make its stores accessible to individuals with disabilities and by excluding the Plaintiff, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages and/or accommodations of Defendant's stores, and subjecting Plaintiff to discrimination by failing to provide its facilities and other goods, services, programs, facilities, privileges, advantages and/or accommodations to Plaintiff, as well as other similarly situated persons.

25.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

26.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since joinder of all members of the proposed Class is impracticable. Furthermore, because the damages suffered by individual Class members may be

1  relatively small, the expense and burden of individual litigation make it impossible for individual

2  members of the Class to redress wrongs done to them.

3      27.    There will be no difficulty in the management of this action as a class action.

4  Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action as

5  it is likely to avoid the burden which would otherwise be placed upon the judicial system by the

6  filing of thousands of similar suits by individual disabled persons across the State of California.

7  There are no obstacles to the effective and efficient management of the lawsuit as a class action.

8      **TOTAL WINE & MORE STORES OWNED/OPERATED BY DEFENDANT**
   **IN VIOLATION OF CALIFORNIA'S ACCESS LAWS**

9

10     28.    On October 2, 2017, Plaintiff patronized the Total Wine & More located at 6232

11  Topanga Canyon Blvd., Woodland Hills, CA to purchase red wine and suffered discrimination as

12  a result of being denied full and equal access to the store's parking lot.  Plaintiff was deterred

13  from parking in a handicap accessible parking space because the parking lot did not have an

14  adequate number of handicap accessible parking spaces.  In addition to not having the minimum

15  required amount of handicap accessible parking spaces, the parking lot also lacked signage to

16  deter the use of handicap spaces by persons that are not disabled.  For example, the parking lot

17  did not have additional signage below the symbol of accessibility stating "minimum fine

18  $250.00," and did not have a warning sign regarding the penalty for unauthorized use of

19  designated disabled parking spaces and where they are towed.  As a result, Plaintiff was unable to

20  park in a handicap accessible parking space.

21     29.    Thereafter, on October 3, 2017, Plaintiff attempted to resolve this dispute without

22  the need for litigation by providing Defendant with written notice and the opportunity to cure by

23  requesting that Defendant make accessible the 6232 Topanga Canyon Blvd., Woodland Hills,

24  CA location.  In his correspondence to the store manager, Plaintiff informed him or her that the

25  store's parking lot is not accessible to him for the above reasons, and asked that these problems

26  be fixed within thirty (30) days. Plaintiff did not seek any monies or statutory damages.

27     30.    Plaintiff received no response to his October 3, 2017 letter.  As a result, he is now

28  being deterred from patronizing all of Defendant's locations.

1    31.    Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn,

2 retained professional building experts to investigate, identify and document Defendant's

3 discriminatory barriers. Those investigations, which are still ongoing, have to date identified the

4 stores listed below as being in serious violation of state law as a result of their violations of the

5 California Standards governing the physical accessibility of public accommodations and/or the

6 ADA which results in a violation of both the Unruh Act and CDPA. This information has been

7 disseminated to the Plaintiff providing him with actual notice of the violations at Defendant's

8 stores listed below:

9    1.    6232 Topanda Canyon Blvd., Woodland Hills, CA

10    2.    1010 N. Rengstorff Ave., Mountain View, CA

11    3.    19336 Nordhoff St., Northridge, CA

12    4.    1505 Hawthorne Blvd., Redondo Beach, CA

13    5.    2952 El Camino Real, Tustin, CA

14    6.    394 North Moorpark Rd., Thousand Oaks, CA

15    7.    3161 Crow Canyon Pl., San Ramon, CA

16    8    3250 Buskirk Ave., Pleasant Hill, CA

17    9.    43484 Boscell Rd., Fremont, CA

18    10.    72339 Highway 111, Palm Desert, CA

19    11.    471 South Associated Rd., Brea, CA

20    12.    5791 Five Star Blvd., Roseville, CA

21    13.    2121 Arden Way, Sacramento, CA

22    14.    7707 Laguna Blvd., Elk Grove, CA

23    15.    24001 El Toro Rd., Laguna Hills, CA

24    32.    Despite receiving notice and an opportunity to cure from Plaintiff, Defendant has

25 refused to address its accessibility violations. The aforementioned violations are ongoing and

26 continue to result in Plaintiff and unnamed mobility impaired class members suffering

27 discrimination as a result of being denied full and equal access to these stores.

28

- 8 -
CLASS ACTION COMPLAINT

33.    Defendant has discriminated and is discriminating against Plaintiff, and others similarly situated by failing to, *inter alia*, have accessible facilities, as described below, and required by both the California Standards and by the ADA.  The following list describes Defendant's violations in the Total Wine & More stores listed above:

1.    **6232 Topanga Canyon Blvd.**
     **Woodland Hills, CA 91367**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00."  This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 8**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

2.    **1010 N. Rengstorff Ave.**
     **Mountain View, CA 94043**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 7**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 8**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 9**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

3. **19336 Nordhoff St.**
**Northridge, CA 91324**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

- 10 -
CLASS ACTION COMPLAINT

**Violation 4**
The van accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 5**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 7**
The dressing/fitting room clothing hooks are not located a maximum of 48" from the floor. This is in violation of Title 24 Code 1110B.1.7; ADAAG – Section 4.35.5.

4.    **1505 Hawthorne Blvd.**
      **Redondo Beach, CA 90278**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 4**
The center of the toilet or water closet is 21" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 5**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 7**

The auto-dryer in the restroom is located 41" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

5.    **2952 El Camino Real**
      **Tustin, CA 92782**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The rest room door force is 10 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The mirror in the restroom is 48" from the floor and is not compliant.  This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 5**
The soap dispenser in the restroom is located 47" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 6**
The toilet seat cover dispenser in the restroom is located 45" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

6.    **394 North Moorpark Rd.**
      **Thousand Oaks, CA 91360**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 4**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

7.    **3161 Crow Canyon Pl.**
      **San Ramon, CA 94583**

      **Violation 1**
      There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

      **Violation 2**
      There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

      **Violation 3**
      There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

      **Violation 4**
      The restroom door force is 10 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

8.    **3250 Buskirk Ave.**
      **Pleasant Hill, CA 94523**

      **Violation 1**
      There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

      **Violation 2**
      There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

      **Violation 3**
      The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp.  This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

      **Violation 4**
      The restroom door force is 11 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

9.    **43484 Boscell Rd.**
      **Fremont, CA 94538**

      **Violation 1**
      There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

CLASS ACTION COMPLAINT

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
The restroom door force is 10 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

10.    **72339 Highway 111**
**Palm Desert, CA 92260**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

11.    **471 South Associated Rd.**
**Brea, CA  92821**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

12.    **5791 Five Star Blvd.**
**Roseville, CA 95678**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

CLASS ACTION COMPLAINT

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

13.    **2121 Arden Way**
       **Sacramento, CA 95825**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
The restroom door force is 13 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The mirror in the restroom is 41" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

14.    **7707 Laguna Blvd.**
       **Elk Grove, CA 95758**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

15.    **24001 El Toro Rd.**
       **Laguna Hills, CA 92653**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
The restroom door force is 10 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The paper towel dispenser in the restroom is located 50" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7

CLASS ACTION COMPLAINT

34.    The discriminatory violations described above are not an exclusive or exhaustive list of Defendant's accessibility barriers and, upon information and belief, there are other miscellaneous violations of both the California Standards and the ADA in Defendant's stores.

35.    The correction of these violations is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by both the ADA and the California Standards.

36.    To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the California Standards or the ADA. The effect of Defendant's failure to comply with these standards or regulations is that Defendant has discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Defendant's stores.

37.    As a result of that failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities and activities at Defendant's stores, and have otherwise been discriminated against and have suffered damages caused by Defendant's accessibility violations. Unless Defendant's stores are brought into compliance, said persons will continue to suffer injury in the future.

### COUNT I

### (Defendant is in Violation of the Unruh Act)

38.    Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

39.    Defendant operates business establishments within the jurisdiction of the State of California and, as such, Defendant is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

40.    The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51, *et seq.*

41.    The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business

- 16 -
CLASS ACTION COMPLAINT

1  establishments of every kind whatsoever within the jurisdiction of the State of California. The

2  Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

3      42.    Defendant has violated the Unruh Act by, *inter alia*, denying Plaintiff and

4  members of the proposed Class, as persons with disabilities, full and equal accommodations,

5  advantages, facilities, privileges and/or services offered by Defendant. Defendant has also

6  violated the Unruh Act by violating the ADA, as set forth above.

7      43.    Defendant has violated the Unruh Act, by *inter alia*, failing to operate its services

8  on a nondiscriminatory basis and failing to ensure that persons with disabilities have

9  nondiscriminatory access to its location.

10     44.    In doing the acts and/or omissions alleged herein, Defendant wrongfully and

11 unlawfully denied access to its location and its facilities to individuals with disabilities and acted

12 intentionally and with knowledge of the effect its conduct was having on physically disabled

13 persons.

14     45.    Defendant has violated the Unruh Act by violating the California Standards and

15 by violating the rights provided under the ADA.

16     46.    Further, Defendant has violated the Unruh Act by having, maintaining,

17 establishing and/or failing to abolish policies that discriminate against the mobility impaired,

18 which has resulted in barriers in its stores.

19     47.    Plaintiff is being deterred from patronizing Defendant's stores as a result of his

20 actual knowledge of the violations stated above.

21     48.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52,

22 Plaintiff prays for judgment as set forth below.

23                          COUNT II

24              (Defendant is in Violation of the CDPA)

25     49.    Plaintiff re-alleges and incorporates by reference the above allegations set forth in

26 the Complaint as if fully set forth herein.

27

28

50.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, Defendant is obligated to comply with the provisions of the CDPA, Cal. Civ. Code § 54, *et seq.*

51.     The conduct alleged herein violated the CDPA, including without limitation Cal. Civ. Code, § 54.1, *et seq.* and relevant provisions of the California building code regulations.

52.     The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

53.     Defendant has violated the CDPA by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal access to accommodations, advantages and facilities offered by Defendant at its stores, as is available to other members of the general public.

54.     Defendant has violated the CDPA by, *inter alia*, failing to operate its services on a nondiscriminatory basis, and failing to ensure that persons with disabilities have nondiscriminatory access to its stores.

55.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its stores and its facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on mobility impaired/wheelchair-bound persons.

56.     Defendant has violated the CDPA by being in violation of the California Standards and the ADA. Plaintiff is not required to prove intent or actual damages to recover minimum statutory damages under the CPDA.

57.     Plaintiff is being deterred from patronizing Defendant's stores as a result of his actual knowledge of the violations stated above.

58.     Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 54, Plaintiff prays for judgment as set forth below.

**RELIEF**

WHERFORE, Plaintiff demands judgment against Defendant and requests the following relief:

      A.     that this Court certify the proposed Class;

      B.     that this Court certify Plaintiff as class representatives on behalf of the Class;

      C.     that this Court declare that the policies, procedures, services and facilities of Defendant's stores located in the State of California have been discriminatory and violative of the ADA, and therefore are violative of the Unruh Act and the CDPA;

      D.     that this Court declare the policies, procedures, services and facilities of Defendant are discriminatory and violative of the state anti-discrimination statutes of the State of California and the California Standards;

      E.     that this Court declare that Defendant's violation of California's state anti-discrimination statutes is intentional.

      F.     that this Court Order injunctive relief to require Defendant to become in compliance and remain in compliance with California's state anti-discrimination statutes.

      G.     that this Court award minimum statutory damages on behalf of Plaintiff against Defendant pursuant to California's state statutes identified above;

      H.     that this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit; and

      I.     that this Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: April 9, 2018                     BRODSKY & SMITH, LLC

By: _____
Evan J. Smith (SBN242352)
9595 Wilshire Boulevard, Suite 900

CLASS ACTION COMPLAINT

1  Beverly Hills, CA 90212
2  Telephone: (877) 534-2590
   Facsimile: (310) 247-0160
3
   *Attorneys for Plaintiff*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -
CLASS ACTION COMPLAINT

## V E R I F I C A T I O N

I, Richard Bell                      , hereby certify that
I am the Plaintiff in this civil action

and certify under penalty of perjury under the laws of the State
of California that the Complaint is true

and correct to the best of my knowledge, information and belief.

Date: 4/9/18

# EXHIBIT B

20901381

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RETAIL SERVICES & SYSTEMS, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD BELL, on behalf of himself and all others similarly situated,

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> **FILED**
> **ALAMEDA COUNTY**
>
> APR 1 0 2018
>
> CLERK OF THE SUPERIOR COURT
> By_____
>              Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* RG18900192

Superior Court of California - Alameda County

1225 Fallon Street Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Evan J. Smith, Brodsky & Smith, LLC, 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA 90212 877-534-2590

DATE:      APR 1 0 2018      Chad Finke      Clerk, by _____, Deputy
*(Fecha)*                                       *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT C



20901380

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Evan J. Smith (SBN242352)<br>Brodsky & Smith, LLC<br>9595 Wilshire Blvd., Suite 900<br>Beverly Hills, CA 90212 | **FILED**<br>**ALAMEDA COUNTY** |
| TELEPHONE NO.: 877-534-2590    FAX NO.: 310-247-0160 | |
| ATTORNEY FOR *(Name):* RICHARD BELL | APR 1 0 2018 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C Davidson Courthouse

CLERK OF THE SUPERIOR COURT
By _____ Deputy

CASE NAME:
RICHARD BELL v. RETAIL SERVICES & SYSTEMS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG18900192<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☑ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 9, 2018
Evan J. Smith
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Bell v Retail Services + Systems Inc | Case Number: |
|---|---|

CIVIL CASE COVER SHEET ADDENDUM

| THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
|---|

| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)     [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |
|---|---|

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case? [ ] yes [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [✓] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial     Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential     of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs     [ ] Yes     [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 10 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

# EXHIBIT D

```
┌  Brodsky & Smith, LLC              ┐    ┌  Retail Services & Systems, Inc.         ┐
   Attn:  Smith, Evan J.
   9595 Wilshire Boulevard
   Suite 900
└  Beverly Hills, CA   90212          ┘    └                                          ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Bell | No. RG18900192 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Retail Services & Systems, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 05/29/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 07/10/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  04/10/2018                                Chad Finke   Executive Officer / Clerk of the Superior Court

                                        By   _Deemefer Oh_____
                                                                            Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/11/2018.

                                        By   _Deemefer Oh_____
                                                                            Deputy Clerk

# EXHIBIT E



20914904

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Evan Smith, (SBN 242352)<br>Brodsky & Smith, LLC<br>333 E. City Avenue, Two Bala Plaza<br>Bala Cynwyd, PA 19004<br>TELEPHONE NO.: (610)667-6200<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>FILED<br>ALAMEDA COUNTY<br><br>APR 2 4 2018<br><br>CLERK OF THE SUPERIOR COURT<br>By_____ DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Richard Bell | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Retail Services & Systems Inc. | RG18900192 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Total Wine & More |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:   Complaint, Summons, Alternative Dispute Resolution Packet

BY FAX

3. a. Party served:  Retail Services & Systems Inc.

   b. Person Served: Linda Scanlon, agent authorized to accept. - Person Authorized to Accept Service of Process

4. Address where the party was served:  103 Yost Blvd., Ste. 101

Pittsburgh, PA 15221

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 04/12/2018        (2) at (time): 10:38AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

Retail Services & Systems Inc.
under: Other: Limited Liability Company

7.  **Person who served papers**
    a. Name:        Kenneth Kearney
    b. Address:     One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA 94947

    c. Telephone number: 415-491-0606
    d. The fee for service was: $ 175.00
    e I am:
       (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 04/23/2018

_____
Kenneth Kearney
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 11885500