UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD BELL,
    Plaintiff,

v.

RETAIL SERVICES & SYSTEMS, INC.,
    Defendant.

Case No. 18-cv-02825-PJH

**ORDER REMANDING ACTION**

Re: Dkt. No. 11

Plaintiff Richard Bell's motion to remand came on for hearing before this court on July 18, 2018. Plaintiff appeared through his counsel, Evan Smith. Defendant Retail Services & Systems, Inc. ("Total Wine") appeared through its counsel, Kurt Franklin & Jerri Kay-Phillips. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion, for the following reasons.

## BACKGROUND

This is a putative class action brought under California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. (the "Unruh Act") and the California Disabled Persons Act, Cal. Civ. Code § 54 et seq. (the "CDPA"). Plaintiff, a citizen of California and confined to a wheelchair, alleges that "[o]n October 2, 2017, [he] patronized the Total Wine & More located at 6232 Topanga Canyon Blvd., Woodland Hills, CA to purchase red wine and suffered discrimination as a result of being denied full and equal access to the store's parking lot." Compl. ¶¶ 10, 28. Plaintiff seeks to represent a California class of similarly situated people who have patronized one of at least 15 Total Wine stores, including the Woodland Hills location, that are allegedly in violation of the Unruh Act and the CDPA.

1  Compl. ¶¶ 21, 22, 31.

2  The complaint contains only two causes of action. Count 1 alleges that defendant has violated the Unruh Act "by, inter alia, denying plaintiff and members of the proposed class . . . full and equal accommodations . . . [,] by violating the ADA," Compl. ¶ 42, and by violating Title 24 of the California regulatory code. Compl. ¶ 45. Count 2 alleges that defendant has violated the CDPA for similar reasons. Id. ¶ 54. Plaintiff seeks remedies as set forth in California law, including under Cal. Civ. Code §§ 52, 54. Id. ¶¶ 48, 58. As relevant here, plaintiff specifically seeks declaratory and injunctive relief, minimum statutory damages on behalf of the named plaintiff, and an award of attorneys' fees.

Defendant timely removed this action on May 14, 2018, and plaintiff's motion to remand is now before the court.

## DISCUSSION

### A. Legal Standard

The right to remove a case to federal court is entirely a creature of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The relevant removal statute here, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See also 28 U.S.C. §§ 1331, 1332(a). Courts resolve all ambiguities in favor of remand to state court. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

### B. Analysis

#### 1. Federal Question Jurisdiction

Defendant contends that federal question jurisdiction exists because the complaint references the Americans with Disabilities Act (the "ADA"). That is incorrect.

First, the Unruh Act and the CDPA incorporate the ADA, such that the ADA may

2

serve as a "hook" for an alleged violation of state law. See Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal [ADA] shall also constitute a violation of this section."); Cal. Civ. Code § 54(c) (similar). That is all plaintiff has done here by partially basing his California claims on a violation of the ADA. That, however, does not create federal question jurisdiction. See Rios v. New York & Co., Inc., No. 217CV04676ODWAGRX, 2017 WL 3575220, at *1–2 (C.D. Cal. Aug. 17, 2017); Pizarro v. CubeSmart, No. CV 14-5106 FMO PLAX, 2014 WL 3434335, at *2 (C.D. Cal. July 11, 2014) (collecting cases). Second, federal question jurisdiction also does not attach because the complaint contains other non-ADA "hooks" that support plaintiff's claims and, therefore, federal law is not a necessary element of plaintiff's claims. See Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996); see, e.g., Compl. ¶ 45 (alleging defendant violated the California regulatory code). Lastly, plaintiff does not seek declaratory judgment under the ADA. Instead, under the Unruh Act and the CDPA, plaintiff seeks declaratory judgment that defendant has violated those statutes by virtue of defendant's violation of the ADA.[1] See Compl., Prayer for Relief, C.

### 2. Diversity Jurisdiction

The parties agree that the court's diversity jurisdiction under § 1441 turns on whether the amount in controversy exceeds the jurisdictional threshold of $75,000. Defendant makes two arguments in support of its position: (i) the complaint (actually) seeks damages for each of the fifteen Total Wine stores that allegedly are in violation of California's antidiscrimination laws; and (ii) plaintiff's attorneys' fees either alone or in combination push the amount in controversy over the jurisdictional threshold. The court disagrees.

The death knell to defendant's first argument is that the complaint does not seek monetary damages on behalf of the class. The only monetary damages the complaint

---

[1] Relatedly, the court rejects defendant's argument that plaintiff's motion was procedurally defective for failure to comply with General Order 56. That order automatically applies to actions stating a cause of action under the ADA, which the present action does not do.

3

seeks is "minimum statutory damages on behalf of Plaintiff," i.e., $4,000. Compl., Prayer for Relief, G., H.; Cal Civ. Code § 52(a) (setting minimum damages of $4,000).

Defendant's second argument fails because it relies on speculation and not evidence. In support of its argument, defendant points to: (i) the attorneys' fees plaintiff's counsel sought in a different class action; (ii) the complaint's court civil cover sheet indicating that the action is "complex;" and (iii) defendant's counsel's experience with public accommodation cases. Defendant is correct that the amount in controversy includes attorneys' fees that are recoverable by statute.[2] See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Defendant, however, is still required to offer non-speculative evidence about those attorneys' fees that establishes, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (confirming preponderance of the evidence standard). The court finds that defendant has not done so here. See also Galvan v. Walt Disney Parks & Resorts U.S., Inc., No. CV1700323ABFFMX, 2017 WL 1033968, at *4-5 (C.D. Cal. Mar. 17, 2017) (rejecting similar argument involving speculative attorneys' fees-related evidence).

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion and REMANDS the action to the Alameda County Superior Court.[3]

**IT IS SO ORDERED.**

Dated: July 18, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Both the Unruh Act and the CDPA allow for the recovery of attorneys' fees. See Cal. Civ. Code §§ 52(a), 54.3.

[3] Defendant's request for judicial notice of an order filed in Wander v. Kruse et al., No. 2:00-cv-1071 (E.D. Cal.) is denied as unnecessary. Lathan v. Ducart, No. 16-16551, 2017 WL 3976705, at *1 (9th Cir. June 16, 2017) (denying as unnecessary request for judicial notice of orders, statutes, regulations, and published opinions).

4